UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW CHIN,

    Petitioner,

v.                                                       Case No.: 2:19-cv-16-FtM-38NPM
                                                              2:14-cr-135-SPC-CM2

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Petitioner Andrew Chin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Cv. Doc. 1,[2] "Motion") filed on January 8, 2019. For the reasons set forth below, the Court dismisses the Motion as time-barred.

## I. BACKGROUND

On December 3, 2014, Chin was charged in a multiple count Indictment. Cr. Doc. 1. On February 9, 2016, Chin pled guilty pursuant to a written plea agreement to Count One of the Indictment: Conspiracy to Possess with Intent to Distribute five (5) or more kilograms of cocaine, 28 or more grams of cocaine base, and a quantity of marijuana, in

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court will refer to the civil case docket as "Cv. Doc." and the underlying criminal docket, 2:14-cr-135-SPC-CM-2, as "Cr. Doc."

violation of 21 U.S.C. §§ 841(b)(1)(A)(ii)(II), 841(b)(1)(B)(iii)(II). 841(b)(1)(C), and 846. *See* Cr. Doc. 126, 138. On March 24, 2017, the Court sentenced Chin to 210 months in prison, followed by five years of supervised release. Cr. Doc. 268, 269. Chin did not appeal his conviction or sentence.

On December 6, 2017, the Government filed a motion for reduction in sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure[3] in which it requested a two-level departure placing Chin's sentence in the guideline range of 210-262 months.[4] Cr. Doc. 270. Counsel for Petitioner filed a response to the Rule 35(b) motion requesting the Court to grant a two-level variance placing Chin in the range of 168-210 months and urging the Court to impose the low-end of the new guideline range of 168 months. Cr. Doc. 271. On December 29, 2017, the Court granted the Government's Rule 35(b) motion and ordered Chin's sentence to be reduced to 168 month's imprisonment "leaving all other components of the sentence as imposed" in the original judgment. Cr. Doc. 272. On January 8, 2018, the amended judgment reflecting the reduced 168-month term of imprisonment was entered. Cr. Doc. 273. As noted in the Statement of Reasons, the amended sentence was entered as a result of the Court granting the Government's Rule 35 motion. Cr. Doc. 274 at 4.

On January 8, 2019, Chin, represented by counsel, filed the instant 2255 Motion presenting one claim: previous defense counsel, Jose Calvo, provided ineffective assistance by failing to advise Chin that the Government had filed a Rule 35 motion

---

[3] Rule 35(b) permits a district court, upon motion by the Government, to reduce a sentence to reflect a defendant's substantial assistance provided after the entry of judgment. Fed. R. Crim. P. 35(b)(1).
[4] The PSR calculated Chin's guideline range to be between 262-327 months. Cr. Doc. 251 at 36.

depriving Chin of the opportunity to request a hearing or otherwise "appraise the Court of the details of the assistance he provided" and request a further sentence reduction. Cv. Doc. 1 at 4. The Government filed a response to Chin's § 2255 Motion in which it submitted that the Motion was timely but was "facially insufficient to warrant relief" because Chin does not have a Sixth Amendment right to counsel in proceedings on a Rule 35 motion. Cv. Doc. 8 at 2-3. Chin filed a reply. Cv. Doc. 9.

This matter is ripe for the Court's review based upon the record before the Court. Further, the Court finds an evidentiary hearing is not warranted because the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## II. DISCUSSION

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, which established a one-year limitation period for filing a motion under 28 U.S.C. § 2255. In pertinent part, AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f). Here, the Court entered judgment in Chin's case on March 24, 2017. Chin did not appeal his conviction or sentence. When a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Chin had 14 days from the judgment of conviction to file an appeal. *See* Fed. R. App. P. 4(b)(1)(A). Therefore, his judgment of conviction became final 14 days after the Court's March 24, 2017 judgment—that is, on Friday, April 17, 2017. Under 28 U.S.C. § 2255(f)(1), Chin had until April 9, 2018[5] to file his § 2255 motion. Chin did not file his § 2255 Motion until January 7, 2019, after the AEDPA time period expired.

As noted above, on January 8, 2018 and 364 days before Chin filed his § 2255 Motion, the Court granted the Government's Rule 35(b) motion and reduced Chin's sentence from 201 months to 168 months. The Court's granting of a reduction in Chin's sentence via the Rule 35(b) motion does not affect the finality of Chin's judgment of conviction for purposes of resetting AEDPA's limitation period. *Murphy*, 634 F.3d 1303. The Eleventh Circuit thoroughly analyzed Congress' intent in adopting Rule 35(b) and whether it affected the finality of a final judgment.

> [18 U.S.C.] Section 3582 states that although a district court may "modify" a "sentence to imprisonment" under Rule 35(b), a "judgment of conviction

---

[5] AEDPA's limitations period begins to run the day after the triggering event. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (applying Fed. R. Civ. P. 6(a)(1) in computing AEDPA's one-year limitation period to begin to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (*citing Ferreira v. Sec'y Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Because the 365 days expired on Sunday, April 8, 2018, Chin had until the next business day to file a timely § 2255 motion.

> that includes such a sentence *constitutes a final judgment for all other purposes.*" 18 U.S.C. § 3582(b)–(c) (emphasis added). The plain and obvious meaning of this language is that a Rule 35(b) reduction has no effect on the finality of the judgment of conviction. *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438, 119 S.Ct. 755, 760, 142 L.Ed.2d 881 (1999) (explaining that statutory construction begins with the language of the statute and when that language "provides a clear answer, it ends there as well") (internal quotation marks omitted). The Senate Report accompanying § 3582 confirms that the plain meaning of the statute accords with Congress's intent. Congress explained that subsection (b) makes "clear" that though a prison sentence could be "modified" after imposition by way of "'three safety valves,'" including Rule 35(b), the "judgment of conviction is final." S.Rep. No. 98–225, at 96 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3304.
>
> In view of the traditional rule that a final judgment in a criminal case includes both the conviction and sentence, Congress understandably sought to assure that the use of Rule 35(b) to modify a sentence would not impact the finality of the judgment of conviction. Had Congress not done so, a defendant could have argued that a sentence modification entitled him to a new direct appeal where he could challenge anything that could have been challenged on a first direct appeal. Congress short-circuited this by unambiguously declaring that a Rule 35(b) modification does not affect the finality of the judgment for "any other purpose." 18 U.S.C. § 3582(b).

*Murphy*, 634 F.3d at 1308–09 (footnotes and internal citation omitted).

Because Chin's judgment of conviction became final on April 19, 2017, and because a Rule 35(b) motion reducing his term of imprisonment does not constitute a new judgment for purposes of restarting the § 2255 statute-of-limitations clock, Chin's § 2255 motion filed on January 7, 2019, is time-barred under the one-year AEDPA limitation period set forth in 28 U.S.C. § 2255(f)(1).

The one-year limitation period may be equitably tolled on grounds besides those specified in § 2255 "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States,* 177 F.3d 1269, 1271 (1999). However, the petitioner bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due

diligence. *See Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000). Chin asserts an ineffective assistance of counsel claims in connection with the Rule 35 proceeding. Thus, the Court cannot independently conceive how equitable tolling would be applicable in this circumstance. Because the Court finds the Motion is time-barred under § 2255(f)(1), the Court need not address the merits, if any, of the Motion.[6]

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Cv. Doc. 1) is **DISMISSED with prejudice as time-barred**. To the extent Petitioner moves for an evidentiary hearing (Cv. Doc. 9 at 7-8) such motion is **DENIED**.

2. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions, and close this case.

---

[6] The Sixth Amendment provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. This language entitles a defendant in a criminal case to effective assistance of counsel at each critical stage of his prosecution, *Kirby v. Illinois*, 406 U.S. 682, 690 (1972), including sentencing, *Mempa v. Rhay*, 389 U.S. 128, 134-35 (1967). Thus, whether Chin can prosecute an ineffective assistance of counsel claim depends on whether a Rule 35(b) proceeding is considered a critical stage of the criminal proceeding. In *United States v. Orjuna,* 351 F. App'x 418, 420 (11th Cir. 2009), the court concluded that "[a] Rule 35(b) motion is not a critical stage of the prosecution, *United States v. Jackson,* 923 F.2d 1494, 1496-97 (11th Cir.1991), and thus a defendant does not have a Sixth Amendment right to counsel." *See also*, *United States v. Taylor*, 414 F.3d 528, 536 (4th Cir. 2005) (citing *United States v. Palomo,* 80 F.3d 138, 142 (5th Cir.1996)). Alternatively, even assuming defense counsel did not appraise Chin of the Government's filing of the Rule 35 motion, Chin cannot show his Fifth Amendment right to procedural due process was violated. *See* United States v. Alvarez, 115 F.3d 839, 841 (11th Cir.1997) (Fifth Amendment procedural due process guarantees do not attach to Rule 35(b) proceedings because: (1) decision whether to file a Rule 35(b) motion based upon substantial assistance lies within the sound discretion of the government; and (2) defendant faces no new threat of loss of liberty); *see also Orjuna*, 351 F. App'x 420.

3. The Clerk is **DIRECTED** to docket this Opinion and Order in the criminal file at 2:14-cr-135-SPC-CM-2 and terminate any pending motions therein.

**IT IS FURTHER ORDERED: A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. *See* 28 U.S.C. § 2253(c)(1); *see also* Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of August, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record